UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATASHA NAKISHA DEMOSS,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MICHIGAN, *et al.*,<br><br>Respondents. | Case No. 2:22-cv-01674-MMD-DJA<br><br>ORDER |

This action was initiated as a habeas corpus action by Petitioner Natasha Nakisha DeMoss on October 4, 2022. (ECF No. 1.) DeMoss paid the $5 filing fee. (*Id*.) The Court has examined DeMoss's petition and will dismiss this action for the reasons stated below.

A federal court cannot grant habeas relief where the petition plainly shows that the petitioner is not entitled to such relief. *See* 28 U.S.C. § 2243. The court conducts an initial review of each petition and orders a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (citing Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . .")). Thus, a "petition is expected to state facts that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee's Note to 1976 Amendment (citation and internal quotation marks omitted). Any petition that is patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects may be dismissed summarily. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Habeas Rule 4 ("Federal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.")).

A habeas claim is cognizable only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). Federal law provides two main avenues to relief on complaints related to incarceration: a petition for a writ of habeas corpus or a civil rights action under 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). If success on a claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a civil rights action under section 1983. *Nettles*, 830 F.3d at 931. In this case, there is no indication that DeMoss is in custody or that success in this case would necessarily lead to immediate or earlier release from custody.

Moreover, DeMoss names Respondents over which the Court lacks personal jurisdiction: the State of Michigan, the Governor of Michigan, the Michigan Department of Health and Human Services Vital Records, and the Michigan Attorney General. Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). The federal court "is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017-18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions'." *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241). A federal district court must have personal jurisdiction over a habeas petitioner's custodian to proceed with a habeas action. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). When a petitioner names a respondent outside of the district

court's territorial limits, the court lacks personal jurisdiction over that respondent. *See Malone*, 165 F.3d at 1237.

The Court recognizes that it could transfer this action to a court in which the action could have been brought, "if it is in the interest of justice." *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing 28 U.S.C. § 1631). However, in this case, because the habeas petition is fundamentally flawed, the Court determines that it is not in the interest of justice to transfer it to another district.

It is therefore ordered that this action is dismissed.

The Clerk of Court is directed to enter judgment accordingly and close this case.

It is further ordered that, because reasonable jurists would not find the dismissal of this action debatable, the Court denies DeMoss a certificate of appealability.

DATED THIS 17th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE